UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HEARTBRAND HOLDINGS, INC. and AMERICAN AKAUSHI ASSOCIATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GRANT WHITMER III D/B/A WAGYURANCH.COM<br><br>Defendant. | SA-19-CV-00358-HJB |

## **PLAINTIFFS MOTION FOR A DEFAULT JUDGMENT**

Plaintiffs (Heartbrand Holdings, Inc. and American Akaushi Association, Inc.) respectfully file "Plaintiffs' Motion for Default Judgment".

## **FACTS**

"Plaintiffs' Original Complaint" (Doc. Entry #1) was filed on April 5, 2019. After extensions of time to answer, "Defendants' Original Answer" (Doc. Entry #10) with affirmative defenses was filed by Defendants' prior attorney on June 3, 2019. A "Scheduling Order" (Doc. Entry #23) was entered on August 14, 2019.

After a motion and hearing, Co-Defendant, Grant Whitmer II d/b/a Whitmer Cattle Co. was dismissed on October 17, 2019 (Doc. Entry #36).

After discovery and an unsuccessful mediation (Doc. Entry #38), Defendants' counsel Brian J. Leavitt filed a "Motion to Withdraw as Counsel" on December 31, 2019 (Doc. Entry #43). After a hearing, the court entered an order on February 4, 2020 holding in abeyance the afore mentioned "Motion to Withdraw As Counsel" pending attorney Leavitt providing physical address, email address, and telephone number at which Grant Whitmer III may be contacted and

1

served. (Doc. Entry #46). After a "Advisory to the Court" by attorney Leavitt providing contact information for Defendant Grant Whitmer III (Doc. Entry #49), the court entered an Order granting attorney Leavitt's above mentioned "Motion to Withdraw As Counsel", but also ordering Defendant Grant Whitmer III d/b/a Whitmer Cattle Co. to "File an Advisory with the Court" on or before **March 9, 2020**, informing the court whether he intends to proceed *pro se,* or obtain new counsel. (Doc. Entry #50)

The deadline of March 9, 2020 passed. Defendant Grant Whitmer III d/b/a Whitmer Cattle Co. and d/b/a Wagyuranch.com never responded to the Order.

On March 19, 2020, the Court entered an Order (1.) directing the Clerk of the Court to enter a Default against Defendant Grant Whitmer III and (2.) directing Plaintiff to seek a Default Judgment pursuant to Federal Rules of Civil Procedure, Rule 55(b) on or before May 8, 2020. (Doc, Entry #52). Pursuant thereto a "Default Entry by Clerk" was entered. (Doc. Entry #53).

## MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rules of Civil Procedure, Rule 55(b), and pursuant to the Court's Order (Doc. Entry #52), Plaintiffs (Heartbrand Holdings, Inc. and American Akaushi Association, Inc.) respectfully request a Default Judgment be entered against Defendant Grant Whitmer III d/b/a Whitmer Cattle Co. and d/b/a WagyuRanch.com, which Default Judgment provides:

1. An Injunction against Defendant's use of CERTIFIED AKAUSHI BEEF, or terms confusingly similar thereto; and

2. Attorney's fees and costs incurred Plaintiffs on this action.

2

## AUTHORITY OF THE COURT

Under Rule 16(f), Federal Rules of Civil Procedure, a "court may enter any just orders… if a party… fails to obey a…pretrial order" that are authorized by Rule 37(b)(2)(A)(ii)-(vii), Federal Rules of Civil Procedure. When Defendant Grant Whitmer III did not comply with the court's order, the court has authority to enter a Default Judgment as a sanction *AE Mktg. L.L.C. v. Jenkins-Baldwin Corp.*, No. 3:07-CV-0321-F, 2013 U.S. Dist. 200659 at *11(N.D. Tex. Jan. 2, 2013). The Fifth Circuit has held "entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order." *Tech. Chem. Co. v. IG-LO Prod. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987).

Under the facts of this case it's clear that the court has authority under Rule 16(f), in conjunction with Rule 55(b), to enter default judgment as a sanction against Defendant Grant Whitmer III.

## RELIEF REQUESTED

As has been plead from the very beginning of this case, Plaintiffs' requested a judgment against Grant Whitmer III to enjoin him from using the terms CERTIFIED AKAUSHI BEEF. Defendants' use of CERTIFIED AKAUSHI BEEF was a deliberate attempt to trade on the good will and/or mark of Plaintiff by giving a misleading representation which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" with Plaintiffs or as the "origin, sponsorship or approval of his …goods" with Plaintiff. 15 U.S.C. §1125(a)(1)(A). Defendant Grant Whitmer III's actions were a willful violation of Plaintiffs' right in the mark CERTIFIED AKAUSHI BEEF, which makes the case exceptional, for which Plaintiffs' are entitled to an award of a reasonable attorney's fees, 15 U.S.C. §1117(a). The exceptional nature of the case has been pled by the Plaintiff.

The factors to be considered in determining an award of reasonable attorney's fees are provided in *Miceli v. Bank of N.Y. Mellon*, 2015 U.S. Dist. LEXIC 88892, U.S.D.C., W.D. Tex., Austin Div., C.V. No. 1:13-cv-1032-DAE (July 9, 2015). Proof of reasonable attorney's fees are provided in the attached "Affidavit of Ted D. Lee," which also gives the factors normally used in determining reasonable attorney's fees. See Exhibit 1.

## CONCLUSION

Wherefore, premises considered, Plaintiffs (Heartbrand Holdings, Inc. and American Akaushi Association, Inc.) respectfully pray that a judgement be entered against Defendant Grant Whitmer III d/b/a Whitmer Cattle Co and d/b/a Wagyuranch.com that:

1. Enjoins Grant Whitmer III d/b/a Whitmer Cattle Co. and d/b/a Wagyuranch.com from further use of CERTIFIED AKAUSHI BEEF, or other words confusingly similar thereto;

2. Awards a reasonable attorney's fees in the amount of $84,750

3. Dismisses all claims or affirmative defenses asserted by Defendant Grant Whitmer III d/b/a Whitmer Cattle Co. and d/b/a Wagyuranch.com with prejudice.

A proposed "Final Judgment" is attached hereto for consideration by the court.

Respectfully submitted,

/s/ Ted D. Lee
Ted D. Lee, TSB #12137700
tlee@gunn-lee.com
Brandon Cook, TSB #24084166
bcook@gunn-lee.com
GUNN, LEE & CAVE, P.C.
8023 Vantage Drive, Suite 1500
San Antonio, TX 78230
210-886-9500 (voice)
210-886-9883 (fax)

ATTORNEYS FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and via email below.

Grant Whitmer III
Email: grantwhitmer3@gmail.com

Also, I have sent a copy by email to grantwhitmer3@gmail.com and to the following mailing address:

> Grant Whitmer III
> 333 East Main Street, Suite 962
> Lehi, Utah 84043

/s/ Ted D. Lee

5