# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEARTBRAND HOLDINGS, INC. and<br>AMERICAN AKAUSHI ASSOCIATION,<br>INC. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | SA-19-CV-00358-HJB |
| | ) | |
| GRANT WHITMER III D/B/A<br>WAGYURANCH.COM | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF TED D. LEE

I, Ted D. Lee, being dually sworn, deposed and state the following:

1.      I am the lead attorney representing Plaintiffs (Heartbrand Holdings, Inc. and American Akaushi Association, Inc.) in the above identified cause of action.

2.      I have approximately 50 years of experience as an intellectual property attorney, discounting some time spent as a Staff Judge Advocate in the United States Marine Corps during the Vietnam War.

3.      Investigation for the above identified suit began on April 2, 2019 with suit being filed on April 5, 2019. The firm of Gunn, Lee & Cave has handled the above identified law suit from the beginning to the current time.

4.      I am the lead attorney in the law suit, but a lot of work was done by junior attorney Brandon Cook. Brandon Cook has 4 ½ years of experience as an intellectual property attorney.

1

5.    At the beginning of this controversy, my billing rate was $460 per hour, which was subsequently raised to $480 per hour.

6.    Mr. Cook's billing rate at the beginning of this law suit was $200 per hour, which was subsequently raised to $220 per hour.

7.    The billing rates for myself and Mr. Cook are less than those charged by some intellectual property attorneys with similar experience levels in the San Antonio community, and substantially less than those charged by others with similar experience level throughout the state of Texas.

8.    The above identified law suit involved difficult questions of law of enforcing an association mark against infringement by an individual, which involved the skills of one experienced in trademark law.

9.    The acceptance of employment in the above identified case precluded other employment by myself and Brandon Cook by other clients of the firm of Gunn, Lee & Cave.

10.   The fees charged by myself and Brandon Cook are similar or less than fees charged by other intellectual property attorneys for the same legal service in this geographic area.

11.   The total amount of time spent on the above identified case through March 23, 2020 is 249.75 hours for a total attorney's fees of $81,350. A true and accurate record of those attorney's fees are attached hereto as Exhibit A.

12.   The expenses incurred in the above identified case through March 23, 2020 was $3,400, rounding to the nearest dollar. See Exhibit B.

13.   The total attorney's fees and expenses incurred in the above identified case is $84,750, which is the addition of Exhibits A and B.

14.   The amount involved and the results reached justify the award. Defendants' refused to stop using CERTIFIED AKAUSHI BEEF, which required the taking of discovery and after mediation, the continuation of the law suit. Further complicating the law suit was the resignation of Defendant's attorney Brandon Leavitt, after which Defendant would not respond to the court or to Plaintiffs' counsel.

15.   The circumstances of the current case involved an obstinate Defendant stubbornly proceeding, even though the law and the facts were against the Defendant. Initially, Defendant was aided by his attorney before the attorney resigned for non-payment.

16.   The experience, reputation and ability of the lawyers representing Plaintiff were necessary to protect the trademark/service mark rights of the association against unauthorized use by non-members. If the association did not protect the rights of its mark, it would cause severe damage to the association and its reputation.

17.   The fees charged in this case are based upon the time and expenses spent by the attorneys and are not contingent on results obtained.

3

18.    The fees charged as shown in Exhibit A, and the expenses shown in Exhibit B, were reasonable and necessary under the circumstances and based on the time and labor required. The fees were in the range of those customarily charged in Bexar County for similar legal services.

19.    To the extent possible, the junior attorney of Brandon Cook with a lower billing rate, did work verses the senior attorney of Ted Lee, who had a higher billing rate.

20.    The firm of Gunn, Lee and Cave, in particular Ted D. Lee, has been representing the Plaintiffs for over 20 years on intellectual property matters.

It is respectfully submitted that the experience, reputation and ability of the lawyers performing the services for Plaintiffs are very good.

The amount of the fees and the reasonableness of the fees as provided in *Miceli v. Bank of N.Y. Mellon, 15 U.S. Dist. LEXIC 88872, C.V.1:13-cv-1032-DAE(July 9, 2015)* has been met.

Signed and sworn to this 23rd day of March, 2020.

/s/ Ted D. Lee
Ted D. Lee, TSB #12137700
tlee@gunn-lee.com
Brandon Cook, TSB #24084166
bcook@gunn-lee.com
GUNN, LEE & CAVE, P.C.
8023 Vantage Drive, Suite 1500
San Antonio, TX 78230
210-886-9500 (voice)
210-886-9883 (fax)

ATTORNEYS FOR PLAINTIFFS

4

State of Texas

County of Bexar

Sworn to (or affirmed) and subscribed before me on the 23 day of March, 2020, by Ted D. Lee.



Signature of Notary Public

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and via email below.

Grant Whitmer III
Email: grantwhitmer3@gmail.com

Also, I have sent a copy by email to grantwhitmer3@gmail.com and to the following mailing address:

Grant Whitmer III
333 East Main Street, Suite 962
Lehi, Utah 84043

/s/ Ted D. Lee